

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Lilly Del Caribe, Inc.<br><br>  Peticionarios<br><br>    v.<br><br>Gloria E. Santos Rosado, en su Carácter Oficial como Directora Ejecutiva del Centro De Recaudación de Ingresos Municipales; y Centro de Recaudación de Ingresos Municipales ("CRIM")<br><br>  Recurridos | Certiorari<br><br>2012 TSPR 65<br><br>185 DPR ____ |

Número del Caso: CC-2010-1094
  Consolidado CC-2011-0399


Fecha: 3 de abril de 2012

CC-2010-1094

Tribunal de Apelaciones:

CC-2010-1094
    Región Judicial de Carolina

CC-2011-399
    Región Judicial de San Juan Panel I

Abogado de la Parte Peticionaria:

    Lcdo. Juan A. Marqués Díaz
    Lcda. Liz Annette Pérez Rosario
    Lcdo. Heriberto López Guzmán


Abogado de la Parte Recurrida:

CC-2010-1094
    Lcda. Jessica Hernández Sierra

CC-2011-399

    Lcdo. Heriberto J. Burgos Pérez

Oficina del Procurador General:

**CC-2010-1094**

> Lcda. Irene S. Soroeta Kodesh
> Procuradora General
>
> Lcda. Ana R. Garcés Camacho
> Procuradora General Auxiliar

**CC-2011-399**

> Lcda. Leticia Casalduc Rabell
> Subprocuradora General
>
> Lcda. Isabel Sánchez del Campo
> Procuradora General Auxiliar

Materia: Impugnación de contribución especial sobre propiedad
inmueble para fines residenciales y comerciales

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Lilly Del Caribe, Inc.<br><br>      Peticionarios<br><br>          v.<br><br>Gloria E. Santos Rosado, en su carácter Oficial como Directora Ejecutiva del Centro de Recaudación de Ingresos Municipales; y Centro de Recaudación de Ingresos Municipales ("CRIM")<br><br>      Recurridos<br><br>Secretario de Hacienda, Hon. Juan Carlos Puig Morales; y otros<br><br>      Recurridos | CC-2010-1094<br>CC-2011-399 |

Opinión del Tribunal emitida por el Juez Asociado señor MARTÍNEZ TORRES

En San Juan, Puerto Rico, a 3 de abril de 2012.

En esencia, estos casos consolidados nos permiten estudiar el requisito jurisdiccional de pago previo que contiene el Art. 3.48 de la Ley Núm. 83-1991, según enmendada, conocida como la Ley de Contribución Municipal sobre Propiedad de 1991, 21 L.P.R.A. sec. 5098 (a). De igual forma, tendremos la ocasión de colocar en perspectiva nuestros pronunciamientos en Yiyi Motors, Inc. v. E.L.A., 177 D.P.R. 230 (2009), y en Mun. Trujillo Alto v. Cable TV,

132 D.P.R. 1008 (1993), a la luz de la controversia que tenemos ante nos.

                                    I

Con el propósito de salvaguardar la claridad en el análisis, se expondrán los hechos de cada caso por separado.

                                    A

**CC-2010-1094**

Lilly del Caribe, Inc. es una compañía organizada y autorizada a hacer negocios en Puerto Rico y dueña de varias plantas de manufactura localizadas en la Isla. Por virtud del Art. 22 de la Ley Núm. 7-2009, según enmendado, 13 L.P.R.A. sec. 9401, el Departamento de Hacienda emitió a Lilly del Caribe unas notificaciones de contribución especial sobre propiedad relacionadas con los bienes inmuebles que posee. Dicha contribución se determinó conforme a la tasación de las propiedades al 1 de enero de 2009.

Como Lilly del Caribe se mostró inconforme con la totalidad de la contribución, presentó una solicitud de revisión administrativa ante el Departamento de Hacienda el 1 de octubre de 2009. La agencia no contestó dentro del término de 60 días provisto por ley. Art. 3.48 de la Ley Núm. 83, 21 L.P.R.A. sec. 5098 (a). Ante la inacción administrativa Lilly del Caribe presentó ante el Tribunal de Instancia una "Demanda sobre Impugnación de Contribución Especial sobre Propiedad Inmueble para Fines Comerciales"

en la que adujo que estaba en desacuerdo con la totalidad de la contribución notificada.

Lilly del Caribe argumentó, entre otras cosas, que conforme al Decreto de Exención que ostenta, no estaba sujeta a dicha contribución, debido a que bajo los efectos de la Sección 3701 del Código de Rentas Internas, 13 L.P.R.A. sec. 9401, sus propiedades no se utilizan para fines comerciales. Luego de varios incidentes procesales, el Gobierno de Puerto Rico presentó una moción de desestimación, en la que alegó que Lilly del Caribe no cumplió con los criterios dispuestos en el Artículo 3.48 de la Ley Núm. 83, supra, para que el Tribunal pudiese asumir jurisdicción sobre su impugnación. Lilly del Caribe refutó que, a pesar de estar en desacuerdo con toda la contribución notificada, tenía la opción de pagar únicamente el 40 por ciento de la totalidad del tributo en cuestión.

El Tribunal de Primera Instancia emitió una resolución mediante la cual denegó la moción de desestimación presentada por el Estado. Ese foro concluyó que la ley ofrece dos opciones a los contribuyentes inconformes. A su modo ver, existe la opción de pagar la totalidad del impuesto o pagar el 40 porciento aunque se esté en desacuerdo con la totalidad del tributo. Además, ese foro expresó que era de aplicación lo resuelto en Yiyi Motors, Inc. v. E.L.A., supra, y en consecuencia, Lilly del Caribe no tenía que agotar los trámites administrativos para impugnar el impuesto en cuestión. Inconforme con esa

determinación, el Gobierno de Puerto Rico presentó un recurso de certiorari ante el Tribunal de Apelaciones.

El 16 de noviembre de 2010 el foro apelativo intermedio emitió una sentencia mediante la cual acogió la petición del Estado y desestimó la demanda. En esencia, concluyó que Lilly del Caribe incumplió con el requisito jurisdiccional de pago cuando se impugna la totalidad del impuesto. Oportunamente, Lilly del Caribe acudió ante este Tribunal mediante recurso de certiorari y planteó que el Tribunal de Apelaciones añadió por la vía judicial requisitos y condiciones con efecto jurisdiccional que el legislador no incluyó en el estatuto contributivo que le permite la impugnación. Además, señaló que no le aplica la contribución que se le impuso, porque su propiedad se usa con fines industriales y no comerciales. Mediante Resolución de 6 de mayo de 2011 ordenamos al Estado expresarse en torno a lo que se nos planteó en la solicitud de certiorari. Así lo hizo. El caso está listo para resolverse.

B

**CC-2011-399**

El 28 de diciembre de 2009 Direct TV presentó una demanda contra el Departamento de Hacienda. En ella, impugnó la contribución especial anual sobre la propiedad inmueble comercial que ascendió a $838,814.63, equivalente al .591 por ciento del valor tributable de la propiedad que reflejaba el Centro de Recaudación de Impuestos Municipales (CRIM). En la demanda también indicó que Direct TV acudió

ante el Departamento de Hacienda y objetó la cantidad antes mencionada mediante un recurso administrativo. Junto con ese recurso, incluyó el pago de $335,525.85, lo que representó el 40 por ciento de la contribución anual notificada. Además, señaló que estaba en total desacuerdo con la imposición de la contribución especial. Cimentó su posición en que la Ley Núm. 7-2009, conocida como la Ley Declarando Emergencia Fiscal y Estableciendo Plan Integral de Estabilización Fiscal para Salvar el Crédito de Puerto Rico, no le confirió autoridad legal al Secretario de Hacienda para imponer una contribución especial mediante una carta circular.

Como el Departamento de Hacienda no se expresó dentro del término de 60 días establecido en el Art. 3.48(a) de la Ley Núm. 83-1991, supra, Direct TV acudió ante el foro primario, y solicitó la cancelación del gravamen impuesto y la devolución del dinero satisfecho. En la alternativa, arguyó que procedía modificar dicha contribución porque el cómputo contributivo realizado por el CRIM era incorrecto.

El 6 de agosto de 2010 el Departamento de Hacienda presentó una solicitud de desestimación, en la que alegó que el foro primario carecía de jurisdicción, ya que el pago parcial que efectuó Direct TV no estaba contemplado en el Artículo 3.48 de la Ley Núm. 83, supra. Agregó que "[s]i la parte demandante estaba en desacuerdo con la totalidad de la contribución notificada, debió pagar la misma por completo siguiendo la letra clara de la Ley. La opción de un pago parcial sólo está disponible a aquellos

contribuyentes que acepten parte de la contribución impuesta y rechacen otra parte, permitiéndoles pagar el 40% de la porción con la que no estuvieren de acuerdo". Apéndice, pág. 108.

El 7 de septiembre de 2010 Direct TV presentó su escrito en oposición a la moción de desestimación. En él, rebatió el argumento planteado por el Departamento de Hacienda sobre la falta de jurisdicción. Señaló que como cuestionaba la autoridad legal del referido organismo administrativo para imponer una contribución especial mediante una carta circular y no el monto a pagarse como consecuencia del referido impuesto, podía pagar solamente el 40 por ciento.

Luego de varios trámites procesales, el 23 de noviembre de 2010 el Tribunal de Primera Instancia emitió una resolución en la que indicó que al planteamiento sobre falta de autoridad legal del Departamento para imponer una contribución especial, le era de aplicación la doctrina que esbozamos en Mun. Trujillo Alto v. Cable TV, supra.

En desacuerdo con el dictamen, el Estado recurrió ante el Tribunal de Apelaciones. Señaló que el foro primario erró al arrogarse jurisdicción para atender los méritos del caso y obviar el hecho de que Direct TV incumplió con el requisito jurisdiccional de pago previo provisto en el Artículo 3.48, supra, cuando un contribuyente impugna la totalidad del tributo notificado.

El Tribunal de Apelaciones, luego de examinar los argumentos esgrimidos por las partes, no expidió el auto de

certiorari. Fundamentó su dictamen en que la norma establecida en Mun. Trujillo Alto v. Cable TV, supra, disponía de la controversia planteada.

Aun inconforme, el Estado acudió ante este Foro mediante recurso de certiorari y moción en auxilio de jurisdicción. En particular, el Estado plantea que tanto el foro primario como el Tribunal de Apelaciones erraron en la apreciación de la norma que pautamos en Municipio de Trujillo Alto v. Cable TV of Greater San Juan, supra. Además, sostiene que en este caso procede la moción de desestimación porque no se cumplió con el requisito jurisdiccional establecido en el Art. 3.48 de la Ley Núm. 83, supra. El 9 de junio de 2011 emitimos una Resolución en la que declaramos con lugar la moción en auxilio de jurisdicción. De igual manera, concedimos 20 días a Direct TV para que mostrara causa por la cual no procedía revocar el dictamen del Tribunal de Apelaciones. Direct TV compareció. Como el recurso está perfeccionado, pasamos a resolver la controversia.

II

A

El Art. 22 de la Ley Núm. 7-2009, según enmendada, conocida como la Ley Especial Declarando Estado de Emergencia Fiscal y Estableciendo Plan Integral de Estabilización Fiscal para Salvar el Crédito de Puerto Rico, 13 L.P.R.A. sec. 9401, añadió a nuestro ordenamiento jurídico una contribución especial sobre la propiedad inmueble con fines residenciales. En particular, la Ley

Núm. 7, íd., incorporó la Sec. 3701 a la Ley Núm. 120-1994,

mejor conocida como el Código de Rentas Internas.

No obstante, la Ley Núm. 37-2009 enmendó la recién

creada Sec. 3701 del Código de Rentas Internas, _supra_. Como

resultado de esa enmienda la contribución especial se

extendió también a la propiedad inmueble con fines

comerciales. Luego de esa enmienda, la Sec. 3701 quedó

configurada finalmente de la siguiente forma:

### § 9401. Imposición

(a) Por la presente se impone para los años económicos 2009-10, 2010-11 y 2011-12 o hasta que se recaude la suma agregada de seiscientos noventa millones ($690,000,000) de dólares, lo que ocurra primero, una contribución especial estatal sobre toda propiedad inmueble utilizada para fines residenciales y comerciales, cuya contribución será igual a cero punto quinientos noventa y uno por ciento (0.591%) del valor tasado de dicha propiedad, según determinado por el Centro de Recaudación de Ingresos Municipales (en adelante, el "CRIM") a tenor con la Ley de Contribución Municipal sobre la Propiedad de 1991, secs. 5001 et seq. del Título 21, luego de tomadas en consideración las exoneraciones dispuestas en las secs. 5002 y 5003 del Título 21 y en la sec. 3418(1) del Título 26; así como en la sec. 737 del Título 29; así como otras exoneraciones o exenciones dispuestas en leyes especiales, excepto aquellas exoneraciones o exenciones concedidas por los municipios en el ejercicio de sus poderes. Esta contribución especial estatal será adicional a toda otra contribución impuesta en virtud de otra ley en vigor. Esta contribución especial estatal y su cómputo no menoscabará ninguna contribución municipal sobre la propiedad inmueble impuesta por los municipios en el ejercicio de sus poderes.

Se dispone que la contribución especial impuesta sobre la propiedad inmueble, según establecida en la presente ley, no será extensiva a aquella unidad de vivienda de nueva construcción, que aún no haya sido opcionada o vendida y entregada al comprador. Una vez vendida y entregada al comprador dicha propiedad, esta exención será

extensiva hasta la fecha de tasación siguiente; Disponiéndose, que dicho beneficio nunca será mayor de doce (12) meses.

(b) El Secretario de Hacienda queda por la presente facultado y se le ordena que cobre anualmente la contribución especial dispuesta en el inciso (a) de esta sección. El Secretario tasará y cobrará la contribución especial conforme al mismo procedimiento y sujeto a las mismas limitaciones y derechos provistos por la Ley de Contribución Municipal sobre la Propiedad de 1991, secs. 5001 et seq. del Título 21, para la tasación y cobro de la contribución sobre la propiedad en Puerto Rico, incluyendo aquellas relativas a solicitud de revisión administrativa e impugnación judicial de la contribución, excepto que cualquier referencia en dicha Ley al Centro de Recaudaciones de Ingresos Municipales o su Director, se entenderá, para propósitos de esta parte, como referencia al Departamento de Hacienda o el Secretario.

Una lectura del inciso anterior demuestra que el legislador encomendó al Departamento de Hacienda la tarea de cobrar el impuesto especial. Para instrumentalizar el mandato legislativo, el Departamento de Hacienda publicó la Carta Circular Núm. 2009-08 de 29 de septiembre de 2009. En ella se estableció que

aquellos contribuyentes que deseen solicitar una revisión administrativa o impugnar judicialmente la contribución, deberán cumplir con los requisitos establecidos en el Artículo 3.48 de la Ley Núm. 83 y el Reglamento 7221 del CRIM, entendiéndose que cualquier referencia en dicha ley o en dicho reglamento al CRIM o su Director, se tendrá como referencia al Departamento de Hacienda o al Secretario de Hacienda.

Petición de certiorari, pág. 27.

De igual forma, la Asamblea Legislativa ordenó que todo lo relacionado a la revisión administrativa de la contribución especial de la propiedad inmueble se tramitara de acuerdo al proceso establecido en la Ley Núm. 83-1991,

según enmendada, conocida como la Ley de Contribución

Municipal sobre Propiedad de 1991, 21 L.P.R.A. sec. 5001 y

*ss*. En lo que nos concierne, el Art. 3.48 de la referida

ley, 21 L.P.R.A. sec. 5098 (a), indica:

> **(a) Revisión administrativa.** Si el contribuyente
> no estuviere conforme con la notificación de la
> imposición contributiva emitida por el Centro de
> conformidad con las secs. 5076 y 5077 de este
> título, podrá solicitar por escrito una revisión
> administrativa donde se expresen las razones para
> su objeción, la cantidad que estime correcta e
> incluir, si lo entiende necesario, la evidencia o
> documentos correspondientes, dentro del término
> de treinta (30) días calendarios, a partir de la
> fecha de depósito en el correo de la notificación
> provista por las secs. 5076 y 5077 de este
> título, siempre y cuando el contribuyente:
>
> **(1)** Pague al Centro de Recaudación la parte de la
> contribución con la cual estuviere conforme y un
> cuarenta por ciento (40%) de la parte de la
> contribución con la cual no estuviere conforme,
> o;
>
> **(2)** Pague al Centro de Recaudación la totalidad
> de la contribución impuesta.
>
> El contribuyente que solicite una revisión
> administrativa, según se dispone en esta sección,
> no podrá acogerse al descuento por pronto pago
> dispuesto en la sec. 5093 de este título, excepto
> cuando pague la totalidad de la contribución
> impuesta, dentro de los términos prescritos por
> ley para tener derecho al descuento.
>
> El Centro deberá emitir su decisión dentro de un
> término de sesenta (60) días a partir de la fecha
> de radicación de la solicitud de revisión
> administrativa por el contribuyente. […]
>
> El procedimiento de revisión administrativa
> deberá completarse como requisito previo para que
> un contribuyente que no estuviere conforme con la
> decisión sobre imposición contributiva la
> impugne, según lo dispone el inciso (b) de esta
> sección.
> **(b) Impugnación judicial.** Si el contribuyente no
> estuviere conforme con la determinación emitida
> por el Centro, de conformidad a las secs. 5076 y
> 5077 de este título y el inciso (a) de esta
> sección, podrá impugnar la misma ante el Tribunal

de Primera Instancia dentro del término de treinta (30) días calendario, a partir de la fecha de depósito en el correo de la notificación provista por las secs. 5076 y 5077 de este título siempre y cuando dicho contribuyente, dentro del citado término:

**(1) Pague al Centro de Recaudación la parte de la contribución con la cual estuviere conforme y un cuarenta por ciento (40%) de la parte de la contribución con la cual no estuviere conforme, o;**

**(2) Pague al Centro de Recaudación la totalidad de la contribución impuesta.**

**Tanto la presentación de la impugnación, como el pago de la contribución impuesta, ya sea en su totalidad o en la parte con la cual se estuviere conforme, así como el pago del cuarenta por ciento (40%) de la parte de la contribución con la cual no se estuviere conforme, dentro del término dispuesto, se consideran de carácter jurisdiccional.[1]**
........

(Énfasis nuestro.)

Valga señalar que el Art. 3.48 fue incorporado a la Ley Núm. 83, supra, mediante la Ley Núm. 135-1998. Específicamente, el informe de la Comisión de Asuntos Municipales y de la Comisión de Hacienda de la Cámara de Representantes sobre el P. de la C. 1543, (eventual Art. 3.48, supra) explica el propósito del requisito jurisdiccional de pago previo de la contribución inmueble anual. Indica:

---

[1] Aunque la Ley Núm. 71-2010 enmendó este artículo para reflejar el nuevo esquema que promueve el registro de las propiedades inmuebles no tasadas y propiedades comerciales e industriales con mejoras no tasadas, presentamos el artículo sin enmendar porque era el vigente al momento en que se suscitó la controversia. De todas formas, lo relacionado con el aspecto jurisdiccional no sufrió cambio alguno con la nueva ley.

Además se establece que durante ese término, el contribuyente deberá pagar la parte de la contribución con la cual estuviere conforme y un cuarenta por ciento (40%) de la parte de la contribución con la cual no estuviere de acuerdo **o, en su lugar**, la totalidad de la contribución impuesta garantizándole el rembolso total de la misma, en caso de prevalecer en su reclamación. También se dispone que cuando se pague parte de la contribución, el contribuyente no se podrá acoger al descuento por pronto pago dispuesto en el Artículo 3.43.

Estas disposiciones uniforman el procedimiento de cobro de las contribuciones a los establecidos en el caso de impugnación ante el Tribunal de Primera Instancia, para que el CRIM pueda cumplir con su deber ministerial de distribuir a los municipios la parte cobrada. Esto es recurriendo directamente a los Tribunales y dejando de pagar la contribución impuesta hasta tanto el Tribunal emita su decisión sobre el caso. Lo anterior afecta los ingresos que reciben los municipios por este concepto sobre todo, cuando conscientes del proceso de revisión administrativa [el] contribuyente acude al Tribunal como subterfugio para dejar de pagar sus contribuciones.

(Énfasis nuestro.)

Podemos apreciar que el legislador señaló expresamente la necesidad de minimizar los efectos en las arcas públicas de que los contribuyentes intenten dilatar y evadir el pago de las contribuciones inmuebles mediante revisiones administrativas e impugnaciones judiciales. Ello tendría como resultado una falta de liquidez que podría repercutir en la prestación de servicios esenciales. Íd. Es decir, la Asamblea Legislativa creó un mecanismo, de carácter jurisdiccional, para que un contribuyente promueva su acción impugnatoria solo cuando tiene bases sólidas.

Además, se deduce que el propósito de la legislación fue disuadir que un contribuyente impugnara la totalidad del tributo, aunque realmente solo estuviera en desacuerdo

con parte. Así, se buscó garantizar el debido proceso de ley al contribuyente, sin que el ejercicio de ese derecho se convirtiera en una carga insostenible para el Estado y los municipios.

### B

Las leyes contributivas "deben recibir una interpretación razonable que tienda a llevar a efecto el propósito y la intención del legislador". Licorería Trigo, Inc., v. Srio. de Hacienda, 94 D.P.R. 270, 279 (1967). De igual forma, las legislaciones tributarias "no se habrán de interpretar de forma extensiva, sino que se deberán interpretar de una forma justa, y a tenor con sus propios y expresos términos". Yiyi Motors, Inc. v. E.L.A., supra, pág. 250. Véase, además, Talcott Inter-Amer. Corp. v. Registrador, 104 D.P.R. 254, 263 (1975). No obstante, tampoco podemos interpretar una ley contributiva de manera que facilite la evasión del pago de impuestos que la Asamblea Legislativa ha establecido. West India Oil Co. (P.R.) v. Sancho Bonet, Tes., 54 D.P.R. 732, 744-745 (1939).

No podemos perder de perspectiva que "nuestra obligación consiste en imprimir efectividad a la intención del legislador y garantizar así que se cumpla con el propósito para el cual fue creada la medida". Báez Rodríguez et al. v. E.L.A., 179 D.P.R. 231, 244 (2010).

Cónsono con lo anterior, debemos recordar que "como cuestión de umbral es menester remitirnos al texto de la ley". Íd., pág. 245. Así pues, "cuando el legislador se ha

manifestado con un lenguaje claro e inequívoco, el texto de la ley es la expresión por excelencia de toda intención legislativa". Rosario v. Dist. Kikuet, Inc., 151 D.P.R. 634, 643 (2000). Véase, además, Báez Rodríguez et al. v. E.L.A., 179 D.P.R. 231, 244 (2010).

En este caso, la contención de Lilly del Caribe y Direct TV es a los efectos de que el Art. 3.48 de la Ley Núm. 83, supra, permite pagar el 40 por ciento ya sea que se esté parcial o totalmente en desacuerdo con el tributo impuesto. Por su parte, el Estado argumenta que el referido Art. 3.48, supra, permite el pago del 40 porciento únicamente cuando el contribuyente está conforme con parte del gravamen impuesto y cuestiona la parte restante. Luego de un análisis integrado del texto del artículo y del historial legislativo, resulta ineludible concluir que al Estado le asiste la razón.

Claramente el artículo en controversia dispone las circunstancias en las que es permisible el pago del 40 porciento de la deuda contributiva impugnada. Notamos que la disposición en cuestión contempla dos escenarios: (a) que el contribuyente pague la porción con la cual estuviere conforme y el 40 porciento con la cual no lo está; (b) que el contribuyente pague todo el tributo, pues lo impugna por completo.

La primera alternativa está disponible para el contribuyente que impugne el tributo parcialmente. En ese caso, el contribuyente pagará el 100% del impuesto que no cuestionó. Ahora bien, como incentivo para que no se

cuestione innecesariamente todo el impuesto, se permite que el contribuyente pague tan solo el 40% del monto que realmente disputa. Es decir, la opción de pagar el 40 porciento se limita a la porción del impuesto con el que se está en desacuerdo, pero no en cuanto a la totalidad de la deuda. El segundo escenario se configura cuando el contribuyente impugna la contribución completa. Ante ese panorama, el ciudadano está obligado a pagar la contribución en su totalidad, acogiéndose al 10 porciento de pronto pago que contempla el Art. 3.43 de la Ley Núm. 83, supra, 21 L.P.R.A. sec. 5093.

Es preciso puntualizar que la Asamblea Legislativa utilizó la conjunción "**y**" para unir las dos proposiciones que configuran la primera alternativa y la conjunción "**o**" para separar la primera opción de la segunda. De lo anterior se colige que en el primer supuesto se tienen que configurar las dos proposiciones: Estar conforme con parte de la contribución e impugnar parte. Véase, Torres, Torres v. Torres et al., 179 D.P.R. 481, 494 (2010).

En Villamil Development v. C.R.I.M., 171 D.P.R. 392 (2007) tuvimos la oportunidad de analizar una controversia relacionada con la Ley Núm. 83, supra. En particular, teníamos que resolver si el requisito jurisdiccional del pago de la totalidad de la contribución notificada se refería al periodo anual o al periodo semestral. Íd., pág. 400. En aquel entonces, la sociedad especial Villamil Development no impugnó la totalidad del tributo, por lo que tenía derecho de acogerse a la primera alternativa. Íd.,

págs. 394-395. Luego de evaluar el derecho aplicable concluimos que:

> En el caso hoy ante nuestra consideración, Villamil pagó $105,873.64 al CRIM dentro del término de 30 días a partir del depósito en el correo de la notificación de contribución. Dicho pago no fue suficiente para cumplir con el requisito jurisdiccional establecido en el Artículo 3.48 de la Ley, pues la suma pagada no constituye la totalidad de la contribución anual menos el 10% de descuento, ni la parte de la contribución anual con la cual estuviere conforme más el 40% de la contribución anual con la cual no estuviere conforme. Para cumplir con lo establecido en el Artículo 3.48 de la Ley Villamil debió haber pagado al CRIM: 1) $226,788.41, suma que corresponde a la parte de la contribución anual con la cual estuvo conforme más el 40% de la parte de la contribución anual con la cual no estuvo conforme; o 2) $211,747.30, suma que corresponde a la totalidad de la contribución anual impuesta menos el 10% de descuento por pronto pago. No lo hizo. Por consiguiente, tanto el CRIM como los tribunales recurridos actuaron correctamente al denegar la impugnación presentada.

Íd., a las págs. 405-406.

Como se aprecia, las expresiones antes citadas resumen con claridad meridiana las únicas dos alternativas que permiten el Art. 3.48, supra.

En suma, un análisis de la disposición en controversia nos lleva a concluir que la contención de Lilly del Caribe y Direct TV no tiene méritos. Lo que pretende es que enmendemos el Art. 3.48 y añadamos un tercer inciso que permita pagar el 40 por ciento aunque se esté en desacuerdo con la totalidad de la contribución. Ese proceder anularía los primeros dos incisos y podría repercutir en problemas de liquidez para el erario público, según se desprende del informe del P. de la C. 1543, supra.

La interpretación que Lilly del Caribe y Direct TV proponen elimina de un plumazo la frase inicial del inciso (1) que requiere que el contribuyente "[p]ague al Centro de Recaudación la parte de la contribución con la cual estuviere conforme..." cuando satisface tan solo 40% de la parte del tributo que no objeta. Si esa alternativa estuviera disponible también cuando el contribuyente objeta todo el impuesto, sería superfluo requerirle que pague la parte de la contribución con la cual está de acuerdo, pues el contribuyente no está conforme con parte alguna. No podemos interpretar que el legislador incluyó un lenguaje inútil en la ley.[2] ASG v. Mun. San Juan, 168 D.P.R. 337, 348 (2006); Talcott Inter-Amer. Corp v. Registrador, 104 D.P.R. 254 (1975).

Ahora bien, Lilly del Caribe aduce que no tiene que agotar los remedios administrativos porque es de aplicación lo resuelto en Yiyi Motors, Inc. v. E.L.A., supra. Por su parte, el foro primario, el Tribunal de Apelaciones y Direct TV entienden que la norma que establecimos en Municipio Trujillo Alto v. Cable TV, supra, dispone de la controversia ante nos y consecuentemente, era innecesario

---

[2] Tampoco puede pagar un dólar para acogerse a la alternativa de satisfacer solo el 40% de la contribución notificada, como sugiere la disidencia. Eso denotaría una conducta fraudulenta que no tiene protección bajo nuestro ordenamiento jurídico. Por otro lado, si el contribuyente alegara que esta de acuerdo con pagar cero dólares($0.00), lo que aduce en realidad es que objeta **toda** la contribución. En ese caso, la ley le exige que pague el 100% de la contribución para poder impugnarla, sujeto a reembolso si prevalece en su acción.

cumplir con lo dispuesto en el Art. 3.48, supra. Analicemos esos precedentes.

III

A

Recientemente en Yiyi Motors, Inc. v. E.L.A., supra, nos enfrentamos a una situación de hechos en la que se le pretendía cobrar impuestos a una entidad que no era la responsable de pagarlos, según lo establecía el Código de Rentas Internas. En específico, Yiyi Motors presentó una petición de injunction en contra del Gobierno de Puerto Rico, el Secretario de Hacienda y el Secretario del Departamento de Transportación y Obras Públicas. Íd., pág. 238. Adujo en esencia que era un concesionario de vehículos de la marca Nissan los cuales adquiría de Motorambar, quien era el importador de los vehículos.

En su acción interdictal, Yiyi Motors impugnó el procedimiento para el cobro de arbitrios que realizaba el Departamento de Hacienda. En virtud de ese proceso, se le exigía a los concesionarios que informaran el precio de venta final. Luego, si este excedía el precio sugerido de venta declarado por el importador en el embarque, se le exigía al concesionario que pagara arbitrios por la diferencia resultante, a pesar de que el Código de Rentas Internas le imponía esa obligación al importador y no al concesionario. Íd., pág. 239. Véase, además, la Sec. 2011 del Código de Rentas Internas, 13 L.P.R.A. sec. 9014.

Luego de analizar la controversia en los méritos, concluimos que el Secretario de Hacienda carecía de

autoridad para imponer el tributo cuestionado. Ante ese escenario extraordinario, determinamos que Yiyi Motors no tenía que agotar los remedios administrativos para acudir al foro judicial y solicitar un interdicto. Íd., págs. 284-285. Nos basamos en que claramente Yiyi Motors no era contribuyente para efectos del tributo que se le impuso. Sin embargo, en ese caso reconocimos y reiteramos la norma que pautamos en Cafeteros de P.R. v. Tesorero, 74 D.P.R. 752 (1953), a los efectos de que son improcedentes los recursos de injunction y sentencia declaratoria cuando lo que existen son dudas acerca de si el ciudadano es contribuyente. Yiyi Motors, Inc. v. E.L.A., supra, págs. 277-278. En esa situación, lo que procede es dilucidar las alegaciones en el procedimiento ordinario. Íd.

Ahora bien, el caso que nos ocupa contiene un escenario fáctico muy distinto al que tuvimos que atender en Yiyi Motors, Inc. v. E.L.A., supra. En primer lugar, Lilly del Caribe utilizó conscientemente la acción de impugnación que concede el Art. 3.48, supra y no un remedio en equidad. Con ello, sujetó su reclamo al requisito jurisdiccional que allí se dispone. En segundo lugar, en este caso no existe un dictamen judicial final y firme que determine que Lilly del Caribe no es contribuyente, a diferencia de lo que ocurrió en Yiyi Motors, Inc. v. E.L.A., supra, pág. 245. Y en tercer lugar, como deducción lógica, Lilly del Caribe fue identificada claramente como contribuyente para fines de la Sec. 3701 del Código de Rentas Internas, supra. Así pues, tenía en el Art. 3.48,

supra, un procedimiento adecuado que le garantizaba un debido proceso de ley para hacer cualquier reclamación que tuviera en torno a la contribución especial.

Así pues, resulta forzoso concluir que la norma que pautamos en Yiyi Motors, Inc. v. E.L.A., supra, es totalmente inaplicable a la controversia ante nos.

B

Nos resta dilucidar la aplicabilidad de la norma que establecimos en Mun. Trujillo Alto v. Cable TV, supra, a este caso. En el caso antes citado, tuvimos la oportunidad de analizar si el Municipio de Trujillo Alto tenía la autoridad legal para imponer el pago de patentes municipales sobre las actividades comerciales que Cable TV of Greater San Juan generó en ese municipio. Íd., pág. 1009. Es decir, la controversia que atendimos se enmarcó en el contexto de las facultades legislativas de los municipios en materia contributiva al amparo del Art. VI, Sección 2, de la Constitución de Puerto Rico, 1 L.P.R.A. y de la Ley Núm. 113 de 10 de julio de 1974, 21 L.P.R.A. sec. 651 y ss.

Al estudiar la controversia minuciosamente, concluimos que el pago de patentes por el volumen total de negocios de la referida empresa correspondía al Municipio de San Juan, lugar en que ubicaban las oficinas centrales de la empresa. Mun. Trujillo Alto v. Cable TV, supra, pág. 1021. Por consiguiente, no procedía distribuir las patentes a prorrata conforme al volumen de negocios generado en cada municipio donde la empresa brindaba servicios.

Fue en ese contexto excepcional que determinamos que cuando un contribuyente cuestiona la autoridad legal de un municipio para imponer una contribución, no es necesario agotar los remedios administrativos. Íd., págs. 1011-1012.

En este caso la contribución especial fue impuesta por la rama de gobierno con autoridad constitucional para hacerlo: la Asamblea Legislativa. Dicho de otro modo, la discutida Sec. 3701 del Código de Rentas Internas, supra, es un ejercicio legislativo válido de imposición contributiva. Siendo así, el Departamento de Hacienda es la agencia administrativa encargada de implantar y cobrar la contribución especial que impuso la Ley Núm. 7, supra. Por ende, el caso que nos ocupa es claramente distinguible de Mun. Trujillo Alto v. Cable TV, supra, pues allí el municipio de Trujillo Alto no tenía un mandato legislativo expreso, a diferencia de lo que ocurre en este caso.

Direct TV cataloga la controversia como una de falta de autoridad legal del Departamento de Hacienda para cobrar el tributo en cuestión. No obstante, con solo analizar el expediente nos percatamos de que la verdadera controversia que se plantea es la interpretación y significado del Art. 3.48, supra. Esa controversia ya la atendimos en el acápite anterior.

Por consiguiente, es impertinente aplicar la norma expuesta en Mun. Trujillo Alto v. Cable TV, supra. De igual forma, reprobamos el uso fuera de contexto de la norma expuesta en ese caso para eludir los requisitos procesales

que rigen el procedimiento de impugnación de un tributo impuesto por el legislador.

IV

Según lo discutido, era necesario que Lilly del Caribe y Direct TV pagaran toda la deficiencia contributiva como requisito jurisdiccional previo a presentar su acción judicial. No lo hicieron. Por ello, privaron de jurisdicción al foro judicial para atender su reclamo. Procede desestimar ambas acciones.

V

Por los fundamentos señalados, se expiden los autos de _certiorari_ en los casos consolidados. En particular, se confirma la sentencia emitida por el Tribunal de Apelaciones en el recurso CC-2010-1094. Por otro lado, se revoca la sentencia del Tribunal de Apelaciones en el recurso CC-2011-399. Como resultado, se desestiman ambos casos consolidados, por falta de jurisdicción.

Se dictará Sentencia de conformidad.


RAFAEL L. MARTÍNEZ TORRES
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Lilly Del Caribe, Inc.<br><br>        Peticionarios<br><br>             v.<br><br>Gloria E. Santos Rosado, en su carácter Oficial como Directora Ejecutiva del Centro de Recaudación de Ingresos Municipales; y Centro de Recaudación de Ingresos Municipales ("CRIM")<br><br>        Recurridos<br><br>Secretario de Hacienda, Hon. Juan Carlos Puig Morales; y otros<br><br>        Recurridos | CC-2010-1094<br>CC-2011-399 | |

SENTENCIA

En San Juan, Puerto Rico, a 3 de abril de 2012.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte integrante de la presente Sentencia, se expiden los autos de <u>certiorari</u> en los casos consolidados. En particular, se confirma la sentencia emitida por el Tribunal de Apelaciones en el recurso CC-2010-1094. Por otro lado, se revoca la sentencia del Tribunal de Apelaciones en el recurso CC-2011-399. Como resultado, se desestiman ambos casos consolidados, por falta de jurisdicción.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez concurre con el resultado sin opinión escrita. El Juez Presidente señor Hernández Denton emite una opinión disidente a la cual se une la Jueza Asociada señora Fiol Matta.


Larissa Ortiz Modestti
Secretaria del Tribunal Supremo Interina

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Lilly del Caribe, Inc.<br>    Peticionaria<br><br>        v.<br><br>Gloria E. Santos Rosado,<br>en su carácter Oficial como<br>Directora Ejecutiva del<br>Centro de Recaudación de<br>Ingresos Municipales; y<br>Centro de Recaudación de<br>Ingresos Municipales ("CRIM")<br>        Recurridos<br><br>Secretario de Hacienda, Hon.<br>Juan Carlos Puig Morales; et<br>al.<br>        Recurridos<br><hr><br>DirecTV Puerto Rico, LTD<br>    Recurrida<br><br>        v.<br><br>Departamento de Hacienda<br>    Peticionario | CC-2010-1094<br>cons.<br>CC-2011-0399 | Certiorari |

Opinión Disidente emitida por el Juez Presidente señor HERNÁNDEZ DENTON a la cual se une la Jueza Asociada señora FIOL MATTA.

En San Juan, Puerto Rico, a 3 de abril de 2012.

Por entender que los contribuyentes ante nos pueden impugnar la cuantía de la contribución especial sobre propiedad inmueble sin tener que pagar la totalidad de la cantidad impugnada para lograr acceso al foro judicial, disentimos.

El Departamento de Hacienda requirió a Lilly del Caribe, Inc. el pago de $293,752.80 por concepto de la contribución

especial sobre propiedad inmueble. De otra parte, a DirecTV Puerto Rico, LTD, le requirió el pago de $838,814.63 con el mismo propósito. Oportunamente, ambas empresas solicitaron por separado revisión administrativa ante el Departamento de Hacienda y el Centro de Recaudación de Ingresos Municipales (CRIM). Lilly del Caribe, Inc. se opuso al cobro de la contribución alegando que le cobijaba un decreto de exención. Por su parte, DirecTV Puerto Rico se opuso al cobro alegando que el Departamento de Hacienda no tenía autoridad legal para requerirlo. Ambas compañías acompañaron su recurso de revisión con cheques por una cantidad equivalente al cuarenta por ciento (40%) de la contribución que impugnaban. En específico, Lilly del Caribe pagó $117,501.13 y DirecTV Puerto Rico pagó $335,525.85. Transcurrieron sesenta días desde que se presentaron las impugnaciones, por lo que ambas empresas acudieron por separado ante el Tribunal de Primera Instancia.

Por su parte, el Departamento de Hacienda presentó mociones de desestimación en ambos casos. Alegó que el foro primario no tenía jurisdicción para atender estas acciones de impugnación, pues las empresas contribuyentes no cumplieron con el requisito jurisdiccional de pagar la totalidad de la cuantía impugnada. En ambos casos, el Tribunal de Primera Instancia denegó desestimar. Insatisfecho, el Departamento de Hacienda acudió ante el Tribunal de Apelaciones.

En el caso de Lilly del Caribe, Inc., el foro apelativo intermedio revocó al foro primario y desestimó la acción de impugnación. Inconforme, Lilly del Caribe acudió ante nos. En

el caso de DirecTV Puerto Rico el Tribunal de Apelaciones denegó expedir, por lo que se mantuvo la denegatoria de la desestimación emitida por el Tribunal de Primera Instancia. Inconforme, el Departamento de Hacienda acudió ante nos. Consolidamos ambos recursos.

Así pues, debemos determinar si un contribuyente que impugna la **cuantía total** de la contribución especial sobre propiedad inmueble tiene que pagar la cantidad total impugnada o si puede pagar solo el 40% de dicha cantidad para satisfacer el requisito jurisdiccional para presentar la acción de impugnación, de acuerdo al Art. 3.48 de la Ley Núm. 83-1991, según enmendada, conocida como la Ley de Contribución Municipal sobre Propiedad de 1991, 21 L.P.R.A. sec. 5098(a) (Ley Núm. 83).

Una mayoría de este Alto Foro concluye que aquellos contribuyentes que deseen impugnar la cuantía de la contribución especial sobre propiedad inmueble por entender que no se les debe requerir cuantía alguna tienen que pagar la totalidad de la cantidad que se les ha reclamado para poder presentar la acción de impugnación. De esta manera, la posición mayoritaria resuelve que Lilly del Caribe, Inc. y DirecTV Puerto Rico debieron pagar toda la deficiencia contributiva como requisito jurisdiccional previo a presentar su acción judicial. Por ello, determina que el foro primario carecía de jurisdicción para atender sus reclamos y desestima ambas acciones. No estamos de acuerdo.

El Art. 3.48 de la Ley Núm. 83, *supra,* regula el procedimiento de revisión administrativa de la contribución

especial sobre propiedad inmueble. A esos efectos, este artículo impone como requisito jurisdiccional para impugnar la contribución impuesta ante el foro judicial que se agote el remedio administrativo que dicho artículo provee, dentro de los treinta días siguientes a partir de la fecha de depósito de la notificación correspondiente. Asimismo, establece como requisito jurisdiccional que el contribuyente

(1) Pague al Centro de Recaudación la parte de la contribución con la cual estuviere conforme y un cuarenta por ciento (40%) de la parte de la contribución con la cual no estuviere conforme, o;

(2) pague al Centro de Recaudación la totalidad de la contribución impuesta.

Tanto la presentación de la impugnación, como el pago de la contribución impuesta, ya sea en su totalidad o en la parte con la cual se estuviere conforme, así como el pago del cuarenta por ciento (40%) de la parte de la contribución con la cual no se estuviere conforme, dentro del término dispuesto, se consideran de carácter jurisdiccional.
21 L.P.R.A. sec. 5098(a).

Al analizar esta disposición legal, la Opinión mayoritaria acoge la interpretación restrictiva propuesta por el Departamento de Hacienda de que el pago del 40% solo se permite cuando el contribuyente está conforme con parte de la cuantía requerida y cuestiona la parte restante.

Sin embargo, en términos prácticos, la mayoría del Tribunal no considera la posibilidad de que un contribuyente en la misma posición de los litigantes ante nos pueda entender razonablemente que su contribución debe ser cero dólares ($0.00) porque está exento o porque se le cobra incorrectamente. De esa manera, al estar de acuerdo con que

se le cobre cero dólares ($0.00) por concepto de esta contribución, el contribuyente, en un ejercicio válido de análisis sobre el derecho vigente, considerará suficiente pagar la totalidad de $0.00 más el 40% de la contribución impuesta. En efecto, esta fue la interpretación que hizo DirecTV Puerto Rico, según surge de su recurso ante nos. De igual forma, la Opinión mayoritaria no contempla la posibilidad de que un contribuyente pague una cantidad nominal arbitraria, por ejemplo un dólar ($1.00), para argumentar que está de acuerdo con el cobro de esa cantidad, y poder pagar únicamente el 40% de la cantidad restante, logrando así acceso al foro judicial.

Por otra parte, la interpretación que la posición mayoritaria hace de este requisito jurisdiccional tiene un efecto contradictorio: un contribuyente al cual el legislador quiso proteger mediante un decreto de exención estaría obligado a pagar el 100% de la contribución impuesta para poder impugnarla, mientras que un contribuyente -que no debiera estar exento y que coincida con que se le cobre cierta cantidad por dicho concepto- podría satisfacer el referido requisito jurisdiccional pagando una cantidad menor.

Aplicando lo anterior al caso de autos, no estamos de acuerdo con que se desestime la acción de impugnación presentada por ambas empresas. Como expusimos anteriormente, la interpretación que hicieron las contribuyentes fue una razonable y lógica: estuvieron de acuerdo con que se les cobrara $0.00 por razones jurídicamente válidas y pagaron el 40% de la cantidad restante. Desestimar sus acciones de

impugnación tendría como efecto cerrarles las puertas del foro judicial a dos empresas que interpretaron razonablemente el ordenamiento vigente. Más aun, desestimar la acción de impugnación presentada por Lilly del Caribe, Inc. podría significar obligarla a pagar la contribución especial impuesta cuando realmente goza de un decreto de exención, que tiene derecho a defender ante el foro judicial.

A la luz de lo expuesto anteriormente, es meritorio preguntarse qué incentivo tendría un contribuyente para pagar el 100% de la cuantía de la contribución especial sobre propiedad inmueble que desea impugnar, teniendo disponible la opción de pagar únicamente el 40% de la misma. El legislador nos brinda la respuesta en el mismo Art. 3.48, *supra:*

> El contribuyente que solicite una revisión administrativa, según se dispone en esta sección, no podrá acogerse al descuento por pronto pago dispuesto en la sec. 5093 de este título, excepto cuando pague la totalidad de la contribución impuesta, dentro de los términos prescritos por ley para tener derecho al descuento. 21 L.P.R.A. sec. 5098a.

Siendo así, una consecuencia que tendría pagar solo el 40% de la cuantía impugnada es no beneficiarse del "descuento de 10% del monto del semestre si el pago se efectúa dentro de treinta (30) días a partir de la fecha en que el recibo estuviere en poder del colector o del representante autorizado y así se anunciare". 21 L.P.R.A. sec. 5093.

Entendemos la preocupación de la mayoría de que el legislador quiso evitar que los contribuyentes evadan su obligación presentando acciones de impugnación inmeritorias. Sin embargo, el Informe sobre el P. de la C. 1543 emitido el 12 de junio de 1998 por la Comisión de Asuntos Municipales y

la Comisión de Hacienda de la Cámara de Representantes explicó que el requisito jurisdiccional anteriormente discutido "es necesario, ya que en la práctica los contribuyentes obvian el proceso de revisión administrativa, recurriendo directamente a los Tribunales y dejando de pagar la contribución impuesta hasta tanto el Tribunal emita su decisión sobre el caso". Como puede apreciarse, la preocupación del legislador radicaba en que el contribuyente no pagara cantidad alguna mientras estuviera en curso la acción de impugnación de la contribución especial. Para atender lo anterior, el legislador quiso asegurar que el erario público recibiera, al menos, el 40% de la contribución impuesta.

Ciertamente, la interpretación que se ha hecho del referido Art. 3.48, *supra,* pone en riesgo la seguridad jurídica de quienes descansaron en decretos de exención, como hizo Lilly del Caribe, Inc. en el presente caso. Por el contrario, se les dificulta la revisión judicial mediante la imposición de requisitos jurisdiccionales onerosos no contemplados en ley.

Por todo lo anterior, habríamos permitido que ambas acciones continuaran ante el Tribunal de Primera Instancia.

Federico Hernández Denton
Juez Presidente